JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW R. PERRONG

**DEFENDANTS**
PENN FOSTER EDUCATION GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*
David A. Strassburger

17   5816

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

❏ 2  U.S. Government
        Defendant

❏ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) ❏ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights ❏ 555 Prison Condition ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
❏ 1 Original Proceeding
☒ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TCPA
Brief description of cause:
Alleged Violations of the TCPA

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
17,900.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DEC 26 2017

DATE
12/22/2017

SIGNATURE OF ATTORNEY OF RECORD

S.T.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **3551 Post Road, Huntingdon Valley, PA 19006**

Address of Defendant: **251 Little Falls Drive, Wilmington, DE 1980**

Place of Accident, Incident or Transaction: **Calls were allegedly made to a home telephone number in Montgomery Cty,PA**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: **N/A** _____ Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) **TCPA 47 USC 227**

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____ , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                         Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DEC 26 2017

DATE: **12/28/2017**    _____    **76027**
                         Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

ANDREW R. PERRONG                     :          CIVIL ACTION
                                      :
                v.                    :          ᕦ ᕤ    5816
                                      :
PENN FOSTER EDUCATION GROUP, INC.     :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          (X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| 12/28/2017 | | Penn Foster Education Group, Inc. |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 412-281-5423 | 412-281-8264 | dstrassburger@smgglaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02



**Strassburger McKenna
Gutnick & Gefsky**

ATTORNEYS AT LAW | SINCE 1919

dstrassburger@smgglaw.com

Four Gateway Center, Suite 2200
444 Liberty Avenue, Pittsburgh, PA 15222
**P** 412.281.5423 **F** 412.281.8264
**www.smgglaw.com**

December 22, 2017

**VIA FEDEX OVERNIGHT DELIVERY**
United States District Court for the
    Eastern District of Pennsylvania
Clerk of Courts
Courthouse
601 Market Street
Philadelphia, PA 19106

      **Re:   Andrew R. Perrong v. Penn Foster Education Group, Inc.**

Dear Sir/Madam:

      Enclosed please find the original Notice of Removal of Defendant Penn Foster Education Group Inc. for filing in the above-referenced matter. I have enclosed a check in the amount of $400.00 representing the filing fee made payable to the USDC Clerk of Courts, along with an additional copy of the coversheet to be time-stamped and returned to our office in the self-addressed stamped envelope that I have provided. A copy of same has been served on the pro se plaintiff.

      Thank you for your cooperation in the above-captioned matter.

                Very truly yours,

                David A. Strassburger

DAS/km
Enclosures

cc:   Andrew R. Perrong

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ANDREW R. PERRONG,<br><br>Plaintiff,<br><br>v.<br><br>PENN FOSTER EDUCATION GROUP, INC.,<br><br>Defendant. | Case No. _____<br><br>(State Case No. 2017-28362) |

## DEFENDANT PENN FOSTER EDUCATION GROUP INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Penn Foster Education Group, Inc. ("Penn Foster"), hereby gives notice of the removal of the above-captioned action from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Penn Foster states as follows:

1. On December 8, 2017, Plaintiff Andrew R. Perrong ("Plaintiff") filed a civil action in the Court of Common Pleas of Montgomery County, Pennsylvania, designated as Civil Action No. 2017-28362.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint as filed with the Court of Common Pleas is attached hereto as Exhibit A. Plaintiff demands a trial by jury in his Complaint.

3. A copy of the Complaint has been sent to Penn Foster by U.S. First Class Mail dated December 8, 2017. A copy of the envelope is attached as Exhibit B.

1

## I.   Nature of the Action

4.      Plaintiff's fourteen count Complaint alleges various violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and corresponding federal regulations, 47 CFR § 64. Plaintiff also asserts common law claims for negligence, fraud, trespass to chattels, and conversion.

5.      According to the allegations in the Complaint, Penn Foster or Doe Defendants called Plaintiff using an automated, pre-recorded message in violation of the TCPA.  Plaintiff specifically alleges that Penn Foster violated the "RoboCall" prohibition, the "Sales Call" prohibition, the "Caller ID Spoofing" prohibition, the "Do-Not-Call Policy" requirement, and the "Do-Not-Call List" requirement of the TCPA.

## II.   Grounds for Removal

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331, and this action is removable pursuant to 28 U.S.C. § 1441, because it is a civil action arising under a law of the United States, namely, the Telephone Consumer Protection Act, 47 U.S.C. § 277. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 380, 132 S. Ct. 740, 749, 181 L. Ed. 2d 881 (2012) ("Nothing in the permissive language of § 227(b)(3) makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their 28 U.S.C. § 1331 jurisdiction over federal claims.") *See also id.* at n. 15 (Holding that there is no language in the TCPA preventing removal "When Congress wants to make federal claims instituted in state court nonremovable, it says just that.")

7.      This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2

## III.   Removal Procedure

8.      Removal is timely under 28 U.S.C. § 1446(b) because thirty (30) days have not elapsed since Penn Foster was served with a summons or citation.

9.      Pursuant to 28 U.S.C. § 1446(a), Penn Foster represents that there are no other "process, pleadings, and orders" entered on the state court docket to date to be attached. A copy of the state court docket in this matter is attached as Exhibit C.

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, together with the exhibits thereto, is being served on Plaintiff and copies filed with the Department of Court Records, Civil Division, of the Court of Common Pleas of Montgomery County, Pennsylvania.

11.     A civil cover sheet is being filed contemporaneously with this Notice.

12.     By summarizing Plaintiff's allegations herein, Penn Foster does not admit the truth of those allegations. Penn Foster expressly denies that it has any liability to Plaintiff, and reserves all defenses.

WHEREFORE, Defendant, Penn Foster Education Group, Inc., respectfully requests that this action be removed from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

STRASSBURGER McKENNA
GUTNICK & GEFSKY

Date: December 21, 2017

David A. Strassburger
Pa ID No. 76027
dstrassburger@smgglaw.com

Trent A. Echard
Pa ID No. 206598

3

4

(*Pro Hac Vice Application Pending*)
techard@smeglaw.com
*Counsel for Defendant,*
*Penn Foster Education Group, Inc.*

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ANDREW R PERRONG

vs.

PENN FOSTER EDUCATION GROUP INC

NO. 2017-28362

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

### NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11


EXHIBIT
A

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ANDREW R PERRONG

vs.

PENN FOSTER EDUCATION GROUP INC

NO. 2017-28362

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:   ANDREW R PERRONG, Pro Se

Self-Represented (Pro Se) Litigant   [ X ]

**Class Action Suit**        [ ] Yes    [ X ] No

**MDJ Appeal**    [ ]    Yes    [ X ] No        **Money Damages Requested** [ X ]

**Commencement of Action**:                      **Amount in Controversy**:

Complaint                                         $50,000 or less

## Case Type and Code

Miscellaneous:

Other

**Other:**        TELEPHONE CONSUMER PROTECTION ACT

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW R. PERRONG**<br>**3551 Post Rd. Huntingdon Valley, PA 19006** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action** |
| **vs.** | ) | **No. _____** |
| | ) | |
| **PENN FOSTER EDUCATION GROUP, INC.** | ) | |
| **("PFEG") d/b/a Penn Foster** | ) | |
| **251 LITTLE FALLS DRIVE** | ) | |
| **WILMINGTON, DE 19808** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

### PLAINTIFF'S COMPLAINT

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of PENN FOSTER EDUCATION GROUP, INC. d/b/a Penn Foster ("PFEG") and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* with deliberate transmission of false caller identification ("Caller ID Spoofing") in violation of the Truth in Caller ID Act of 2009, 47 U.S.C. 227(e) and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

### I.     Introduction

1

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

1. Defendant PENN FOSTER EDUCATION GROUP, INC. ("Company") is a company located and domestically incorporated in the State of Delaware that markets and sells, *inter alia,* distance education services to individuals throughout the United States. Its principal mailing address is located at 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808. Company does business as "Penn Foster".

2. Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which it markets its products and services, illegal RoboCall, illegal caller ID spoofing, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II.   Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to *Mims v. Arrow Financial Services,* (132 S. Ct. 740), in which the Supreme Court held that state courts have "concurrent jurisdiction [with federal courts] over private suits arising under the TCPA."

5. Venue is proper in this court in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County. Plaintiff received the phone call to his private home telephone number registered in this county. Each of the Defendants has sufficient minimum contacts with this county, and otherwise purposely avail themselves of the markets in this county. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the

2

injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

### III.   Parties

6.  Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone call on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 3551 Post Rd. Huntingdon Valley, PA 19006.

7.  Defendant PENN FOSTER EDUCATION GROUP, INC. ("Company"), is a company incorporated in Delaware, and transact business in, inter alia, Montgomery County. Company does business as "Penn Foster". Company has a mailing address located at 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808.

8.  Plaintiff believes that Defendants sued as Does 1 through 10, inclusive, are the company, agents, owners, and/or employees of a lead generation company hired by Defendants and Company to either place calls on behalf of Defendants and Company or provide leads to contact Plaintiff. The exact name of these Defendants is currently unknown. Upon information and belief, these Defendants are vicariously liable for violations of the TCPA, and were acting under an agency relationship with Defendants, and are therefore jointly and severally liable for all relief prayed for in the complaint.

9.  Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 11 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained. Upon information and belief, Does 11 through 100, inclusive, aided and abetted, encouraged and rendered substantial

3

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

assistance to the other Defendants in committing the wrongful acts alleged herein under the TCPA, and are pertinent to the litigation at hand, and are therefore jointly and severally liable for all relief prayed for in the complaint..

10. At all times herein mentioned, Company and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

11. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

12. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

**IV.**    **Factual Allegations**

13. In or about November 28th , 2017, Plaintiff received a "robocall" solicitation by

4

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

Defendants and/or their agents at Plaintiff's personal telephone, 215-207-9084. Plaintiff had not consented to this solicitation, and Plaintiff's telephone number was on the Federal Do-Not-Call Registry.

14. The unsolicited telephone call was placed to Plaintiff's personal telephone number and utilized an "artificial or prerecorded voice" or "robocall," to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

15. The telephone call was a prerecorded message with a female voice regarding continuing education programs. Plaintiff does not have any need for such programs, but pressed "1" to be transferred to an agent to discover the identity of the caller, and for no other reason.

16. During that call, Plaintiff spoke to someone claiming to be from "Penn Foster," and Plaintiff took steps to ascertain the identity of the caller and feigned interest for this exact reason. The hold music that was played and the computerized "welcome" greeting after Plaintiff pressed 1 mentioned Penn Foster, and the agent that Plaintiff spoke to confirmed they made an outbound robocall, which then transferred into Penn Foster, the same Company that is sued in this complaint. There is no other corporation selling the same education Penn Foster does using the Penn Foster name.

17. The call was sent using "spoofed" caller ID information that, when called back, results in a disconnected message or busy signal and thus did not originate from a working number. The spoofed caller ID was 208-295-3083.

18. Plaintiff's telephone number was on the Federal Do-Not-Call registry prior to the illegal unsolicited phone call.

19. As a point of fact, to the extent that "consent" was supplied during the call, that was

5

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

done in order to discover the identity of the caller and for no other reason. Courts have held this to be legitimate and have not held such "consent" to be detrimental to a plaintiff bringing a TCPA action. *See* for instance, Bank v. Caribbean Cruise Line, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call."

20. Plaintiff asked in writing to be placed on Company's Do-Not-Call list and sent a copy of Company's Do-Not-Call policy, and received no response.

21. The unsolicited "robocall" telephone call transmitted false caller ID information which was deliberately used by Company in order to conceal Company's identity and illegal actions.

22. Plaintiff received the call on his private telephone, for which he is charged for the call, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

23. Plaintiff was harmed by the call. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, he was charged for the call and his privacy was improperly invaded. Moreover, the call injured plaintiff because it was frustrating, obnoxious, annoying, was a nuisance and disturbed the solitude of Plaintiff.

24. Plaintiff adequately confirmed corporate identity for the call so as to establish liability of Defendants, as more fully outlined above.

25. These telephone solicitation constituted "a call" under the TCPA that was not for emergency purposes.

26. Plaintiff did not provide any one, more, or all Defendants, nor any agent of

6

Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" to transmit a message or make calls.

27. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

28. The telephone Sales Call therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## V.   Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

29. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

30. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

32. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

33. As a result of Defendants' and Defendants' agents knowing and/or willful violations

7

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

34.  Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

35. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

36. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

37.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

38. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

39. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

8

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

40. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**Fifth Cause of Action**

(Negligent Violation of the TCPA "Caller ID Spoofing"
Prohibition, 47 U.S.C. § 227 et seq.)

41. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

42. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

**Sixth Cause of Action**

(Knowing and/or Willful Violation of the TCPA
"Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

43. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

44. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

**Seventh Cause of Action**

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

45. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

46. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR

9

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Tenth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. As a result of Defendants' and Defendants' agents knowing and/or willful violations

10

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Eleventh Cause of Action

(Fraud)

53. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

54. Defendants and Defendants' agents made the willful and knowingly false statements to Plaintiff of transmitting false caller identification information, and concealing company identity, when Company made their "RoboCall"/Sales Call to Plaintiff's private telephone. Plaintiff suffered damages due to reliance on Company's false statements as Plaintiff answered a telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

55. Defendants' actions were fraudulent in that (1) Defendants represented the transmitted caller ID number as theirs, (2) the number was not Defendants' true caller ID number, (3) Plaintiff relied on the caller ID information to make a determination as to whether or not to answer the call, (4) Defendants knew that the caller ID number sent was not their true caller ID number (5) Defendants used such fraudulently misrepresented caller ID number to entice their victims to answer their calls, (6) Plaintiff was unaware that the caller ID number sent was not Defendants' true caller ID number, (7) Plaintiff relied on the truth of the caller ID number, thinking the call was important, and thus answering the call, (8) Plaintiff has a right to rely on accurate caller ID information to make a decision whether or not to answer a call, and (9) Plaintiff was injured by answering the call since the call violated his rights of privacy, time, and telephone utilization, as well as violating his rights under the TCPA.

11

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

**Twelfth Cause of Action**

(Negligence)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57. Defendants and Defendants' agents violated their duty of care to intended recipients of their telephone sales solicitations by, *inter alia,* breaching the statutory prohibitions against caller ID spoofing and robocalling. Plaintiff suffered damages due to Company's violation of its duty that caused Plaintiff to answer a telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

58. Defendants were negligent in that (1) Defendants are obliged to follow the laws of this country, including the TCPA, (2) Defendants violated the TCPA, (3) by placing a call that violated the TCPA's statutory prohibitions as more fully set forth above, which (4) injured Plaintiff because Plaintiff answered the call, which violated his rights of privacy, time, and telephone utilization, as well as violating his rights under the TCPA.

**Thirteenth Cause of Action**

(Trespass to Chattel)

59. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

60. Defendants and Defendants' agents conduct of telemarketing, robocalling, and caller ID spoofing constituted an intentional electronic trespass to Plaintiff's private telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived and dispossessed Plaintiff of the use and enjoyment of his telephone (chattel) for lawful purposes

12

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

by tying it up with advertising messages. Defendants used Plaintiff's private chattel, his telephone, to deliver an illegal marketing advertising message in contravention of Plaintiff's property rights and wishes. Plaintiff has been damaged in an amount to be determined according to proof at trial to include Plaintiff's costs of time, telephone, and service. Defendants injured Plaintiff because Plaintiff answered the call on his telephone, which Defendants controlled for the time Plaintiff was on the line with Defendants, which violated his rights of privacy, time, and telephone utilization, as well as violating his rights under the TCPA.

61. At no time did Plaintiff consent to this trespass. Defendant had no legal justification with which to contact Plaintiff, much less for the purposes of advertising their goods and services.

62. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### Fourteenth Cause of Action

#### (Conversion)

63. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

64. Defendants and Defendants' agents conduct of telemarketing, robocalling, and caller ID spoofing constituted an intentional conversion of Plaintiff's private telephone (property). This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Defendants, in

13

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

sending their illegal advertising message, dispossessed Plaintiff of his telephone, and took possession of it electronically for their own use, that of sending an illegal advertising message. Defendants injured Plaintiff because Plaintiff answered the call on his telephone, which Defendants controlled for the time Plaintiff was on the line with Defendants, which violated his rights of privacy, time, and telephone utilization, as well as violating his rights under the TCPA.

65.  Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

66.  At no time did Plaintiff consent to this conversion. Defendant had no legal justification with which to contact Plaintiff, much less for the purposes of advertising their goods and services.

67. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

## VI.    TCPA Statutory Authority and Damages

68. Plaintiff is entitled to damages for each of the causes of action defined above. Causes of Action 1-10 are not merely alternative standards, but are rather statutory in nature and arise as a matter of law. The TCPA is a strict liability statute, and as such, Plaintiff is entitled to such statutory remedies as a matter of law.  Plaintiff is entitled to Causes of Action 11-14 as a matter of common law tort.

69. Plaintiff's Causes of Action 1 and 2 derive specific statutory authority from 47 USC §

14

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

227(b)(1)(A), which states it is unlawful "to make **any** call (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system** or an artificial or prerecorded voice—**to any telephone number** assigned to a paging service, telephone service, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call**" As Plaintiff has stated, Plaintiff implicitly pays for each call he receives. The penalty for this violation is codified in 47 USC § 227(b)(3)(B), which permits "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for **each such violation,** whichever is greater" and that "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph," in addition to authorizing injunctive and common law relief.

70. Plaintiff's Third and Fourth Causes of Action derive specific statutory authority from 47 USC § 227(c)(3)(F), which prohibits "any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database" The penalty for this violation is codified in  47 USC § 227(c)(5)(B), which permits "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State— an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for **each such** violation, whichever is greater." If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court

15

may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph," in addition to authorizing injunctive and common law relief.

71. Plaintiff's Fifth and Sixth causes of action are actionable under implied statutory authority as a cause of action under 47 USC § 227(c).

72. Plaintiff's Seventh, Eighth, Ninth, and Tenth causes of action are actionable under explicit statutory authority in 47 USC § 227(c)(1) and (2), which makes it an offense to violate any of the FCC's implementing regulations of the TCPA, codified in 47 CFR 64.1200. The causes of action allege violations of 47 CFR 64.1200(d)(1) and (d)(3).

73. Such calculation of damages is concurrent with 6th and 11th Circuit prescient, and is separate, distinct, clear, and concise. *See* Charvat v. NMP, LLC, in which the Sixth Circuit Court of Appeals held that it is possible to allege violations of BOTH subsections 47 USC § 227(b) [robocalls] and 47 USC § 227(c) [other violations], allowing for multiple violations per call. *See also*, Lary v. Trinity Physician Fin. & Ins. Servs., in which the 11th Circuit, under 6th Circuit guidance in the Charvat cases, found that it is possible, beyond alleging multiple violations per call based on overall subsection (as in the Charvat case), to allege multiple violations within each subsection, such as the failure to place a number on an internal DNC or provide a copy of a do-not-call policy (both of which are violations of 47 CFR 64.1200(d)(1) and (d)(3), and 47 USC § 227(c) [ie. Subsection C]).

74. Plaintiff uses an identical method of calculating damages under the TCPA to that of Judge Legrome D. Davis of the United States District Court for the Eastern District of Pennsylvania, in the case of Shelton v. Doan Solutions, LLC 2:17-cv-02368 (Doc. 5). In his opinion determining damages in a default judgment motion, the judge found, under 6th and 11th

16

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

Case # 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

circuit guidance, that the TCPA's caller ID spoofing provision was implied as a cause of action under 47 USC § 227(c), and that the procedural violations of failing to put Plaintiff on Company's do-not-call list or provide Plaintiff a copy of Company's do-not-call policy were separate procedural violations of 47 CFR 64.1200(d)(1) and (d)(3) actionable under 47 USC § 227(c), in addition to violations of 47 USC § 227(b)(1)(A) and 47 USC § 227(c)(3)(F).

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### VII.    Prayer for Relief

On Causes of Action 1-10 – Under Basis of the TCPA:

1. For awards of $500 for each negligent violation as set forth in actions 1-10 and calculated in section VI;

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-10, and calculated in section VI.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing by prohibiting them from placing telemarketing calls in violation of the TCPA in the future, as authorized under the TCPA;

Total statutory damages: **$7,500** (One count each of: sales call, "robocall", transmission of false caller ID, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, at $500 per count of each, with treble damages for each, as calculated in section VI.)

For Causes of Action 11-14 – Under Basis of Common Law:

4. Compensatory, general, incidental, and consequential damages according to proof;

5. Punitive and special damages according to proof;

17

6.  Actual amount to be determined based upon proof at trial. Plaintiff seeks, at minimum, triple: the cost of his time while on the phone with Defendants, reimbursement for 3 months of telephone service, the cost of his telephone, and an award equal to his TCPA award as punitive damages.

For All Causes of Action – Under Basis of both TCPA and Common Law:

7.  Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct equal to at least triple: the cost of his time while on the phone with Defendants, reimbursement for 3 months of telephone service, the cost of his telephone, and an award equal to his TCPA award;

8.  Prejudgment interest at the maximum legal rate;

9.  Costs of suit herein incurred; and

10. All such other and further relief as the Court deems proper.

## VIII.   Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: December 8, 2017

_____/s/_____

Andrew Perrong
*Plaintiff Pro-Se*
3551 Post Rd.
Huntingdon Valley, PA 19006
Phone: 215-791-6957
Facsimile: 888-329-0305
Email: andyperrong@gmail.com

18

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

## IX.   VERIFICATION

I, Andrew Perrong, hereby state that I am Plaintiff *pro-se* in this matter. I am acquainted with the facts set forth in this Complaint, and certify that the averments set forth therein are true and correct to the best of my knowledge, information, and belief. This Verification is being made pursuant to PA. R.C.P 1024.

Further, I understand that this Verification is made subject to the penalties of 18 PA. C.S.A.§4904, relating to unsworn falsification to authorities.

Dated: December 8, 2017

/s/

Andrew Perrong
*Plaintiff Pro-Se*
3551 Post Rd.
Huntingdon Valley, PA 19006
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

Case# 2017-28362-0 Docketed at Montgomery County Prothonotary on 12/08/2017 11:03 AM, Fee = $274.75

19





**F**

U.S. POSTAGE
$.18
FCM LG ENV
20066
Date of sale
12/08/17
SSK

**USPS® FIRST-CLASS MAIL®**

0 lb. 5.10 oz.

SHIP
TO:

251 LITTLE FALLS DR
WILMINGTON DE 19808-1674

**USPS CERTIFIED MAIL™**



9514 8000 3402 7342 0003 32

EXHIBIT
3
tabbies®

From: Andrew Perrong
3551 Post Rd.
Huntingdon Valley, PA 19006

**FIRST CLASS
CERTIFIED
RETURN RECEIPT**

TO: PENN FOSTER EDUCATION GROUP
c/o: CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808



Case #2017-28362

| | |
|---|---|
| **Case Number** | 2017-28362 |
| **Commencement Date** | 12/8/2017 |
| **Case Type** | Complaint Civil Action |
| **PFA Number** | |
| **Caption Plaintiff** | PERRONG, ANDREW R |
| **Caption Defendant** | PENN FOSTER EDUCATION GROUP INC |
| **Lis Pendens Indicator** | No |
| **Status** | 2 - OPEN |
| **Judge** | HAAZ |
| **Remarks** | |
| **Sealed** | No |
| **Interpreter Needed** | |

## Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| PERRONG, ANDREW R | 3551 POST RD. HUNTINGDON VALLEY, PA 19006 UNITED STATES | UNITED STATES | | Yes | 1 |

## Defendants

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| PENN FOSTER EDUCATION GROUP INC (PENN FOSTER EDUCATION GROUP; PENN FOSTER INC; PENN FOSTER) | 251 LITTLE FALLS DRIVE WILMINGTON, DE 19808 UNITED STATES | UNITED STATES | | Yes | 1 |

## Docket Entries

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 0 | E | 12/8/2017 | Complaint Civil Action | | No | 11557763 |

**EXHIBIT**

C

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via E-mail and U.S. Mail, Postage Prepaid, this 21st day of December, 2017, on the following:

Andrew R. Perrong
3551 Post Rd.
Huntingdon Valley, PA 19006
andyperrong@gmail.com
*Plaintiff Pro-Se*

STRASSBURGER McKENNA
GUTNICK & GEFSKY